USHER v. RIETH

(May 23, 1927.　Opinion and Decree.)
(June 29, 1927.　Rehearing Refused.)

(*Syllabus by the Court*)

1. Louisiana Digest—Builders and Buildings—Par. 18, 30.
In a suit, by a contractor, for the value of extra work, in the sum of $245.17, where it appears that shortly after the completion of the work only $127.80 was demanded by plaintiff for the extra work, the lesser sum will be accepted as the limit of the amount due plaintiff unless it affirmatively appears that the smaller amount was asked by way of compromise only.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Anthony Usher against Frank Rieth, Jr.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Wm. H. Byrnes, Wm. A. Greer, of New Orleans, attorneys for plaintiff, appellee.

Woodville & Woodville, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.　This suit involves $245.17. It was filed October 7, 1912, and after lingering twelve years in the District Court reached this court on appeal September 9, 1924. However, both parties to the suit are alive and well (the record indicates nothing to the contrary) and there is no reason to suppose the judicial marathon is approaching the end.

Plaintiff is a building contractor, and his claim is based on certain alleged extras, in connection with the execution of a contract he had with defendant for remodeling of two buildings owned by defendant.

Defendant does not deny that the work was done, nor, with a trifling exception, that it was extra work. He disputes the sum demanded as unreasonable and pleads payment of the greater part of plaintiff's demand, admitting only $30.40 to be due him.

There is much testimony bearing upon the reasonableness of the items making up the bill of extras, which range from fifty cents to eighty-five dollars. There is also much discrepancy between the claims of payment made by defendant and the admission of plaintiff. We find in the record,

however, a letter dated April 26, 1912, writetn by Mr. David Rosenberg, an attorney, admittedly representing plaintiff, to defendant, in which letter plaintiff's claim is put at $127.80 and immediate payment demanded "before the end of the month", otherwise "I am to enter suit against you for it with interest and costs". At the time this letter was written plaintiff had completed all the work for which he demands payment in this suit. Enclosed in the letter was an itemized bill showing how the $127.80 was arrived at. Plaintiff says that this was a compromise offer, but there is nothing in the record to support this statement. On the contrary, it is very unlikely that his attorney would have failed to state in his letter demanding payment that the sum demanded would be accepted in compromise only. The letter makes no mention of compromise and the itemized bill accompanying it suggests that it was not a compromise offer.

We will accept the amount of this bill as the sum due plaintiff and will allow a credit of $25.00 to defendant. ·

This credit results from a receipt offered in evidence by defendant for that amount signed by plaintiff. Plaintiff admits receiving the money but says it was a loan made to defendant for the purpose of paying a negro employed by defendant to do some paving in a garage owned by defendant. His testimony is not convincing. In the first place the receipt reads "for garage in Berlin and Willow" and one of the items sued for is for work done on garage on Berlin and Willow Streets.

Plaintiff's explanation that by the words, "for garage" (the receipt was written by plaintiff), he referred to the fact that the negro was working for the garage puts too much strain on our credulity.

For the reasons assigned the judgment appealed from will be amended by reducing the amount accorded plaintiff from $245.17 to $102.80, and as thus amended it is affirmed, appellee to pay costs of this appeal.